UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YVETTE VEGA MOLINA
    Plaintiff
    v.                           CASE NUMBER: 98-2343 (DRD)
THE STATE CHEMICAL SALES COMPANY
INTERNATIONAL, INC.
    Defendant

## ORDER

The Court hereby rules as follows:

| Docket No. | Ruling | Title |
|---|---|---|
| 15 | **DENIED** | Motion concerning Defendant's failure to comply with this Honorable Court's Standing Order, motion to strike and motion to compel, August 6, 1999 |
| 16 | **GRANTED** | Motion for leave to file a copy of the original motion for summary judgment |
| 17 | **GRANTED/DENIED** | Motion concerning State Chemical's "motion for leave to file a copy of the original motion for summary judgment", August 20, 1999 (See below) |

**Regarding Docket No. 17:**

    Defendant's motion for summary judgment was filed with the Court more than forty four (44) days after the motion was due, without justification for the delay, and despite the Court's warning regarding non-compliance with Court-imposed deadlines. (See Order, Docket No. 12.) This, in itself, justifies denying Defendant's motion without having to entertain the motion on its merits. See Rosario-Díaz v. González, 140 F.3d 312, 315 (1st Cir. 1998) (preclusion of consideration of motion for summary judgment filed outside the limits of the District Court's management order). The Court, however, has exercised its discretion to consider Defendant's motion in order to promote the disposition of cases on their merits. Ortiz v. Ortiz, 183 F.3d 65 (1st Cir. 1999); Thiemann v. Electrical Insulation Suppliers, Inc., 180 F.R.D. 200 (D.P.R. 1998).

    Defendant seeks summary judgment for Plaintiff's failure to exhaust alternative dispute resolution ("ADR") mechanisms provided by Defendant and allegedly binding Plaintiff. Defendant argues that Plaintiff received a copy of Defendant's policy to submit employee-employer disputes

to ADR and that said policy states that it binds any employee who begins to work for Defendant on or after January 1, 1996. Plaintiff began working after that date, received a copy of the policy, and participated in a meeting where the policy was explained. As a result, argues Defendant, Plaintiff has agreed to submit any dispute between her and Defendant to Defendant's ADR program, thus waiving her right to take such disputes to court.

Plaintiff opposes Defendant's motion for summary judgment asserting that she never agreed to submit to Defendant's ADR program. Plaintiff argues that her employment contract with Defendant did not include an agreement to submit to Defendant's ADR program and that her contract included an integration clause which excluded any terms or conditions of employment not included in that document or later agreed upon in writing and signed by both parties. Said integration clause stated as follows:

> This agreement supersedes any prior agreements between us, whether oral or written, and contains the entire agreement between us; no representations, promises, conditions, warranties or understandings, whether oral or in writing, exist between the parties except as stated herein. No provision of this Agreement shall be waived, altered or amended except in writing signed by me and by an authorized officer of the Company.

Docket No. 16, Opposition to Summary Judgment, Exhibit B.

Despite having filed a reply to Plaintiff's opposition, Defendant has not addressed the effects of the quoted integration clause nor the failure to properly amend Plaintiff's employment contract so as to include an agreement to submit employee-employer disputes to ADR. Defendant has also failed to address why in 1997 Defendant's legal representation wrote a letter to Plaintiff in which it stated State Chemical's "consistent policy of vigorously enforcing its employment agreements in court." Docket No 16, Exhibit G. Moreover, judicial precedent directs the Court to give full effect to the parties' agreement that "no representations, promises, conditions, warranties or understandings, whether oral or in writing, exist between the parties except as stated herein." See Executive Leasing Corporation v. Banco Popular de Puerto Rico, 48 F.3d 66, 69 (1st Cir. 1995); Borschow Hospital and Medical Supplies, Inc. v. Cesar Castillo, Inc. et al, 96 F.3d 10, 15-16 (1st Cir. 1996). Plaintiff's employment contract with Defendant made no mention of Defendant's ADR program and much less did it include an agreement by Plaintiff to submit to Defendant's ADR policy. Consequently, Plaintiff cannot be made to submit her employment disputes to ADR. See Paine Webber Inc. v. Elahi, 87 F.3d 589, 594 (1st Cir. 1996).

Defendant's motion for summary judgment is hereby **DENIED.**

IT IS SO ORDERED.

DATE: November 12, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N:\98-2343 MTN