UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YVETTE VEGA MOLINA

    Plaintiffs

v.                                CASE NUMBER: 98-2343 (DRD)

THE STATE CHEMICAL SALES
COMPANY INTERNATIONAL, INC.

    Defendants

## ORDER

    Now pending is Defendant's response to the Court's May 8, 2000, order to show cause why default should not be entered against Defendant. (Docket No. 20). Defendant argues that State Chemical was never served with Plaintiff's motion requesting entry of default for failure to answer the Complaint and, thus, if any party should be sanctioned in this case it should be Plaintiff, not Defendant. Defendant, however, overlooks its duty to answer Plaintiff's Complaint, especially once the Court had denied its dispositive motion and given the fact that Defendant has already previously failed to comply with filing deadlines. The Court explains.

    Plaintiff filed her Complaint and served Defendant with a copy of the Complaint and summons on December 2, 1998. (Docket Nos. 1 and 2). Several months later, never having answered the Complaint or filing a motion to dismiss, Defendant filed a motion for summary judgment (Docket No. 17), which motion was denied on November 15, 1999. (Docket No. 19). Granted, in denying Defendant's motion for summary judgment, the Court did not instruct Defendant to answer the Complaint. Notwithstanding, given that Defendant had not previously filed any form of responsive pleading and that its motion for summary judgment had been denied, logic and FED. R. CIV. PROC. 12 should have instructed Defendant to file some kind of responsive pleading. (Rule 12 requires responsive pleading within twenty days of being served with the Complaint). Defendant, however, crossed its arms and waited for someone else to take action. Five months later, after Plaintiff filed a motion for entry of default (Docket No. 20) and the Court ordered Defendant to show cause why default should not be entered against it (Docket No. 21), Defendant finally answered the Complaint and filed a motion arguing that Plaintiff rather than Defendant should be sanctioned because Plaintiff never served Defendant with the motion for entry of default. Defendant's motion did not address Defendant's failure to answer the Complaint or file a motion to dismiss when Defendant was first served with the Complaint or Defendant's failure to answer the Complaint soon after its motion for summary judgment was denied.

    Although the Court opines that Defendant's conduct is sufficient to support entry of default

1

against Defendant, the Court restrains its hand in favor of disposing of Plaintiff's case in the merits. Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.1989). Notwithstanding, Defendant's conduct will not go unchecked. The Court hereby sanctions Defendant to pay Plaintiff all costs and attorneys' fees related to Plaintiff's motion for entry of default. At the least, Defendant should have answered the Complaint after the motion for summary judgment was denied.

IT IS SO ORDERED.

Date: July 31, 2000

*[signature]*
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N \98-2343B DFT

2