# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

**YVETTE VEGA MOLINA,**

    Plaintiff,

        v.

**THE STATE CHEMICAL SALES
COMPANY INTERNATIONAL, INC.,
and JAIME RIVERA,**

    Defendants.

**CIVIL NO. 98-2343 (DRD)**



## OPINION AND ORDER

Pending before the Court are two unopposed motions to dismiss filed by Defendants', to wit, a Motion to Dismiss for Abuse of Judicial Process and Failure to Appear at Deposition (Docket No. 40) and a Motion to Consider Motion to Dismiss for Abuse of Judicial Process and Failure to Appear at Deposition Unopposed (Docket No. 41). For the following reasons, the Court **GRANTS** Defendants' motions to dismiss and hereby orders this case to be **DISMISSED WITH PREJUDICE**.

## I
## PROCEDURAL BACKGROUND

The Court begins by reviewing the most recent and pertinent, key procedural events. From the beginning, that is, from the filing of the complaint on December 2, 1998, the trajectory of this



case has been to a considerable extent turbulent. After more than a year of prolonged, lawyerly quarreling,[1] the answer to the complaint was finally entered, on May 15, 2000. Notwithstanding, the unhelpful litigation tactics later continued to a great extent, during discovery.

On February 22, 2001, Defendants filed a Motion Requesting Dismissal of Plaintiff's Case, with Prejudice, for Want of Prosecution. (Docket No. 29). In their motion, Defendants brought to the Court's attention **that more than a year had elapsed and Plaintiff had failed to prosecute her case**. Defendant also indicated that Plaintiff had consistently failed to answer their discovery requests, respond to several discovery-related letters and oppose a motion for summary judgment filed against her. For example, on September 5, 2000, Defendants' filed an informative motion stating that a request for admissions had to be considered admitted for **failure to receive Plaintiff's answer** under to FED. R. CIV. P. 36(a). Moreover, on that date Defendants sent her a discovery-related letter pursuant to Local Rule 311.11, **which went unanswered**.

Therefore, on September 11, 2000 Defendants filed a Motion to Compel Discovery Responses and for Appropriate Sanctions, **to which Plaintiff failed to file an opposition or response**. On September 29, 2000, Defendants filed a Motion for Summary Judgment Based on Admitted Facts. (Docket No. 25). **But again Plaintiff failed to file an opposition**. On October 24, 2000, Defendants filed a Motion Requesting the Consideration of the Presently Pending Motions, (Docket No. 27). And yet **again, Plaintiff failed to answer**. Hence Defendants' motion requesting dismissal for lack of prosecution. (Docket No. 29).

Having considered Defendants' motion to dismiss, on March 5, 2001, this Court issued an

---

[1] See Order (Docket No. 23).

Order to Show Cause why Plaintiff's case should not be dismissed for want of prosecution and/or through granting Defendants' motion for summary judgment. (Docket No. 30). The Court further reminded Plaintiff that motions for summary judgment should be responded to "within ten (10) days after service of the motion," pursuant to Local Rule 311.5. The Court also underscored the fact that **"more than nine (9) months"** had elapsed without a response having been filed.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Motion to Show Cause in Compliance with this Honorable Court's Order was timely filed on March 15, 2001. (Docket No. 31).[2] On March 20, 2001, the Court dismissed, with prejudice, the complaint for lack of prosecution. (Docket No. 33). Five days later, on March 25, 2001, Plaintiff promptly filed a motion, bringing to the Court's attention that she had complied with its previous order to show cause. She thus requested that this court set aside its judgment and grant a leave to continue with the discovery. (Docket No. 34). **This is Plaintiff's last appearance in the record.**

In view of the fact that Plaintiff had, indeed, shown cause in timely fashion, on May 16, 2001, the Court reconsidered and vacated its order and judgment, thus **providing Plaintiff with another opportunity to resume the prosecution of her case.** (Docket No. 35). Notwithstanding, on May 18, 2001 Defendants filed a Motion for Reconsideration of Order and for Leave to Oppose Plaintiff's Motion to Set Aside Judgment and Request to Continue Discovery (Docket No. 36), which was granted (Docket No. 37). Pursuant to this Court's order, on May 31, 2001, Defendants filed an Opposition to Motion to Set Aside Judgment. (Docket No. 38). Defendants' requested that the Court reaffirm its judgment dismissing the complaint. However, at that moment the Court was

---

[2] It must be noted, however, that Plaintiff failed to provide any concrete or reasonable explanation for her failure to respond to Defendants' motions.

3

inclined to prudently exercise its patience by denying Defendants' motion. Thus, Defendants' motion was denied and the case continued. (Docket No. 39).

Nevertheless, Defendants recently renewed their petition for dismissal, by filing a Motion to Dismiss for Abuse of Judicial Process and Failure to Appear at Deposition. (Docket No. 40). Defendants have informed the Court that, on August 3, 2001 they duly notified their intentions of deposing Plaintiff three weeks later, on August 23, 2001, at their attorney's offices.[3] Defendants informed the Court that, notwithstanding, Plaintiff's counsel **unilaterally cancelled the day before** (on August 22) through a letter faxed to Defendants, stating that "I will not be intimidated or harassed by your client's tactics in the discovery of this litigation."[4] Further, in his letter, Plaintiff's counsel justified the sudden cancellation by merely stating –in extremely general terms– that the date of the deposition "presents a conflict in my calendar, which I cannot solve."[5]

On August 23, 2001, at 9:30 AM, as suspected, **Plaintiff failed to appear at her deposition**. When counsel for Defendants called the opposing attorney's offices, the secretary simply indicated he was unavailable. She also stated that she did not know if Plaintiff or her attorney had any intention of appearing. Counsel for Defendants proffers that when it became absolutely clear they would not appear, their non-appearance was officially reported for the record at about 10:30 AM. Then, on August 28, 2001, Defendants filed their motion to dismiss alleging abuse of judicial

---

[3] See Notice of Deposition, Exhibit 1, Docket No. 40.

[4] See letter, Exhibit 2, Docket No. 40.

[5] Id. The Court agrees with Defendants inasmuch as this justification was extremely vague. It did not specify nature of the conflict of his schedule, nor the reason why he was ordering the cancellation a few hours before the deposition was to take place.

4

process and failure to appear at the deposition. (Docket No. 40). **Once again, Plaintiff has failed to file any opposition**.

Lastly, on October 1, 2001, **Defendants filed yet another motion renewing their plea for dismissal** on the grounds for abuse of judicial process and failure to appear at the deposition. (Docket No. 41). **Plaintiff has again failed to oppose.**

## II
## GROUNDS FOR DISMISSAL

After careful consideration, the Court finds that dismissal of this case is warranted for three reasons: first, Plaintiff has failed to cooperate in discovery; second, she has failed to prosecute; and third, she has grossly disregarded the Court's Local Rules.

## A. FAILURE TO COOPERATE IN DISCOVERY AND FED. R. CIV. PROC. 37

The Court must emphasize from the outset that Rule 37 of the FEDERAL RULES OF CIVIL PROCEDURE provides in pertinent part that:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may [issue various orders, including:]
>     . . . .
> (b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, **or dismissing the action or proceeding or any part thereof**, or rendering a judgment by default against the disobedient party.

FED. R. CIV. PROC. 37(d) & 37(b)(2)(C)(emphasis added).

Furthermore, there is "nothing in the rule that states or suggests that the sanction of dismissal

can be used only after all the other sanctions [available under Rule 37] have been considered or tried." Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir. 1983).

Moreover, a party's attendance at a duly noticed deposition is always required, "unless the party failing to act has a pending motion for a protective order," FED. R. CIV. PROC. 37(d), or unless the court in which the action is pending has already issued a protective order under FED. R. CIV. PROC. 26(c). In any case, a party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition. See Aetna Caualty and Surety Co. v. Rodco Autobody, 130 F.R.D. 2 (D. Mass. 1990); Goodwin v. City of Boston, 118 F.R.D. 297 (D. Mass. 1988). Accordingly, dismissal can be –as it is here– an appropriate means of sanctioning parties that demonstrate "a troubling lack of respect for the judicial process by failing to appear" at depositions without explanation. Guex v. Allmerica Financial Life Ins. & Annuity, 146 F.3d 40 (1st Cir. 1998); see generally National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)(severe sanctions must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.")

## B. FAILURE TO PROSECUTE UNDER FED. R. CIV. PROC. 41 AND THE COURT'S INHERENT POWERS

The second reason why Plaintiff's complaint should be dismissed is her obvious and recurring lack of prosecution. Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE provides inter alia that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court."

Furthermore, "[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed

with in a Court, because they are necessary to the exercise of all others." <u>Chambers v. NASCO, Inc.</u>,

501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction

parties for litigation abuses include the power to "act sua sponte to dismiss a suit for failure to

prosecute." <u>Id.,</u> at 44.[6]  This rule has its basis on the principle that "[a]ttorneys represent clients,

and as a general rule an attorney's blunder binds her client." See <u>Link v. Wabash R. Co.</u>, 370 U.S.

626, 633-36, 82 S.Ct. 1386, 1390-92 (1962); <u>Thibeault v. Square D Co.</u>, 960 F.2d 239, 246 (1st

Cir.1992).

In the case at bar, Plaintiff has, not only failed to appear at a duly-noticed deposition without

justifying her absence, but **has also repeatedly failed to oppose the several disposive motions**

**filed by Defendants**. The Court finds this is inexcusable. Plaintiff must be reminded that

"[p]rejudice to the court is inherent in needless delays and postponements." <u>Chuang Invs. v. Eagle</u>

<u>Inns, Inc.</u>, 81 F.3d 13, 14 (1st Cir. 1996).  Consequently, this Court holds that **Plaintiff's failure to**

**respond to the many motions filed by Defendants, including the motions to dismiss, buttresses**

**the conclusion that dismissal is more than appropriate.**  See <u>Id.</u>


## C. DISREGARD FOR LOCAL RULES

Lastly, "a district court [is] entitled to insist upon compliance with its local rule." <u>Corey v.</u>

<u>Mast Road Grain & Bldg. Materials Co., Inc.</u>, 738 F.2d 11, 12 (1st Cir. 1984); <u>see also</u> <u>United States</u>

<u>v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops</u>, 857 F.2d 46 (1st Cir. 1988). Local Rule

---

[6] "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." <u>Damiani</u>, 704 F.2d at 17.

311.5 provides that, once a motion is filed, the respondent "shall file a  response **within ten (10)**

**days** after service of the motion . . . ." In the instant case, Plaintiff has not complied with this rule

since **she has continuously and completely failed to respond to Defendants' motions**.

Furthermore, Local Rule 312.1  provides that "[a]ll counsel shall proceed with **reasonable**

**diligence** to take all steps necessary to bring an action to issue and readiness for pretrial conference

and trial." The Court is well aware that since the beginning of this case both parties have done quite

a  bit of unhelpful, lawyerly quarreling. Notwithstanding, the Court finds Plaintiff has gone

further–she has tried to box twelve rounds in the rough ring of civil litigation,  without ever

responding to her opponent's unforgiving blows,  assuming perhaps that the Court  will "throw in

the towel" for her every time. The Court, however, has no "obligation to play nursemaid to

indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990). **Plaintiff**

**has knocked herself out** by repeatedly failing to oppose or otherwise respond to Defendants'

motions to dismiss. The Court finds that not only has she failed to be **reasonably** diligent; she has

**not been diligent at all**.

Therefore, the Court finds that Plaintiff's failure  to oppose Defendants motions to dismiss,

signals she is not seriously interested in  prosecuting her case. Local Rule 312.1 provides for an

extremely flexible standard of "reasonable diligence." Nevertheless, Plaintiff has flexed the standard

of reasonableness so far back she has to broken it. Hence, the Court need not give her any further

opportunities.  The Supreme Court has made it clear that  "the most severe in the spectrum of

sanctions provided by statute or rule must be available to the district court in appropriate cases, not

merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter

those who might be tempted to such conduct in the absence of such a deterrent." National Hockey

League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2780, 2781 (1976).

The Court is well aware that "[d]ismissal with prejudice is a harsh sanction, ... which should be employed only when a plaintiff's misconduct has been extreme, ... and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993). However, **the Court explicitly makes such a finding herein**. Plaintiff has failed to prosecute her case, and has not even bothered to oppose the dispositive motions filed by Defendants. Again, the Court has not the "obligation to play nursemaid to indifferent parties." Pinto, 895 at 19. Therefore, dismissal is firmly founded in this case in view of Plaintiff's gross disregard of the Local Rules.

### III
### CONCLUSION

The Court finds that dismissal of this case is warranted because Plaintiff has failed to cooperate in discovery, failed to prosecute, and grossly disregarded the Local Rules. Clearly, the Court has no "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990). Pending on the docket are, among many others, two **unopposed** motions to dismiss filed by Defendants: a Motion to Dismiss for Abuse of Judicial Process and Failure to Appear at Deposition (Docket No. 40); and a Motion to Consider Motion to Dismiss for Abuse of Judicial Process and Failure to Appear at Deposition Unopposed (Docket No. 41). Plaintiff's failure to oppose ·Defendants motions to dismiss signals she is not seriously interested in prosecuting her case. Therefore, the Court hereby **GRANTS** Defendants' motions to dismiss.

9

**WHEREFORE**, the instant case is hereby **DISMISSED WITH PREJUDICE.** In addition, the Court awards Defendants with **COSTS** and **ATTORNEY'S FEES**.

**IT IS SO ORDERED.**

Date: November 30, 2001

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

10