UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2 FEB 12 AM 8:23
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

YVETTE VEGA-MOLINA,

v.

THE STATE CHEMICAL SALES,
et als.,

CIVIL NO. 98-2343 (DRD)

## ORDER

On November 30, 2001 this Court dismissed Plaintiff's complaint and entered Judgment, awarding also costs and attorney's fees in favor of Defendants. (Docket No. 43). On January 10, 2002, Defendants filed their timely motion requesting attorney's fees. (Docket No. 45). Pursuant to Local Rule 332, Plaintiff had until January 25, 2002 to file responsive materials and objections. See Local Rule 332. She has failed to do so.

Title VII has an express provision which permits the "prevailing party" to recover attorney's fees. See 42 U.S.C. §§ 2000e-5(k). In Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 417, 98 S.Ct. 649 (1978), the Supreme Court stated that in Title VII actions a "prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." The Court reasoned a prevailing Plaintiff, who is usually of limited means, should be readily awarded attorney's fees since he is "the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.' " Id. at 418, 98 S.Ct. 694, quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964 (1968).

The Court held, however, that no such policy considerations are present when awarding attorney fees to a prevailing defendant. Christiansburg, 434 U.S. at 418-419, 98 S.Ct. 649. Lacking such policy considerations, the Court held that a court may award attorney's fees to a prevailing defendant under Title VII on a finding that the plaintiff's actions were **frivolous, unreasonable, or without foundation**. Id. at 421, 98 S.Ct. 694; see also Tang v. Rhode Island, 163 F.3d 7, 13 (1st Cir. 1998)("While decisions to grant defendants their fees are, and should be, rare, 'a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' "). Thus, this is the test applicable in cases where a prevailing defendant seeks an award for attorney's fees.

Page 1 of 2

Therefore, **notwithstanding that the Court automatically awarded Defendants with attorney's fees when it issued order (Docket # 42) and judgment (Docket # 43) dismissing the case at bar,** the Court reconsiders that determination. In other words, the Court **RECONSIDERS and VACATES** only the **automatic awarding of attorney's fees** found in Docket Nos. 42 & 43. All other provisions found in those dockets are saved.

Furthermore, the Court finds that before making a final determination with respect to attorney's fees in this case, Defendants shall file a motion formally requesting attorney's fees, within **ten (10) days from receipt of this order,** fully complying with the standard set in Christiansburg and Tang.

Accordingly, Defendants Motion Submitting Proof of Attorney's Fees and Requesting Order of Payment Thereof (Docket No. 45) is hereby **DENIED**.

**IT IS SO ORDERED.**

Date: February _11_, 2002.

DANIEL R. DOMINGUEZ
U.S. District Judge

| Rec'd: | EOD: |
|---|---|
| By: | # |

N:\98-2343 attorney.fees ord.wpd