IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YVETTE VEGA MOLINA

Plaintiff

v.                                              CIVIL NO. 98-2343(DRD)

THE STATE CHEMICAL SALES

Defendant

## TAXATION OF COSTS

Before the Clerk in the above-styled case is defendant The State Chemical Sales Company International, Inc.'s ("State Chemical") unopposed Bill of Costs. (Docket No. 44).

On November 30, 2001, the Court issued an opinion and order granting dismissal of the complaint with prejudice as to State Chemical; judgment was entered accordingly. (Docket Nos. 42-43). The Court has also directed the Clerk, pursuant to Local Rule 331.2, to make a determination as to the items of costs claimed by State Chemical, as follows: (1) fees of the court reporter - $150.00; (2) fees and disbursements for printing - $59.40; (3) interpreter fees - $150.00.

The Clerk will address each item separately and determine whether it is properly taxable as costs.

"[T]here is a strong presumption favoring the recovery of costs." Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 780 (D.P.R. 1997), citing, In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956, 962 (1st Cir. 1993). However, "[i]t is

Civil No. 98-2343(DRD)                                                  Page -2-

incumbent upon the party seeking costs to describe the nature of the expenses adequately or to explain why they should be awarded." United States v. Davis, 87 F. Supp. 2d 82, 86 (D.R.I. 2000), citing Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 152 (D.R.I. 1996).

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Furthermore, 28 U.S.C. § 1920 provides, in part, as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Clerk of Court, having considered each cost item sought by the defendants,

Civil No. 98-2343(DRD)                                                                 Page -3-

enters the following determination in connection thereto:

**Court Reporter Fees.** State Chemical seeks recovery of $150.00 for the fees of the court reporter for the deposition of plaintiff Yvette Vega, who failed to appear as summoned.

It is the policy of the Clerk, pursuant to 28 U.S.C. § 1920(2), to allow the costs (the court reporter's attendance fee and the cost of the transcript) of those depositions which are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, e.g., Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir.), cert. denied, 474 U.S. 1021 (1985); United States v. Davis, 87 F. Supp. 2d 82, 87 (D.P.R. 2000); Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1990).

> ... if a deposition is not introduced into evidence or used at trial, it is within the discretion of the district court to tax deposition costs if special circumstances warrant it... This Court refined this standard further when it held that for depositions not used at trial, the determining factor is whether the deposition reasonably seemed necessary at the time it was taken.

Pan American Grain Mfg. Co., 193 F.R.D. at 38 (quotations and citation omitted).

A perusal of the record reveals that State Chemical gave plaintiff due notice of the taking of the deposition in which she failed to appear. (Docket No. 41). The Court gave due consideration to this incident in its Opinion and Order of November 30, 2001 (Docket No. 42), and same weighed heavily in its decision to dismiss the complaint with prejudice due to her failure to cooperate in the discovery process, to prosecute this

action, and her gross disregard of the Local Rules.

"Rule 37(d) of the Federal Rules of Civil Procedure provides that the Court may direct that costs and/or sanctions be assessed where a party fails to appear at a properly noticed deposition 'unless the court finds that the failure was substantially justified or that circumstances make an award of expenses unjust.'" Rehwaldt v. Electronic Data Systems Corp., 1996 WL 947568 at 8 (W.D.N.Y.).

In the same vein, Rule 30(d)(3) of the Federal Rules of Civil Procedure states that, "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any party as a result thereof."

Therefore, pursuant to the judgment entered by the Court, State Chemical having verified the costs incurred in court reporter's fees, recovery of the $150.00 claimed regarding this item is allowed.

**Interpreter Fees.** Recovery of $150.00 for retainer fees paid to an interpreter for the scheduled deposition in which plaintiff failed to appear is allowed based on the same rationale taxing the court reporter's fees paid for the failed event against the plaintiff, as stated above.

**Fees and Disbursements for Printing.** State Chemical requests recovery of $59.40 expended in copies (594 copies at 10 cents per page) of documents filed and served upon plaintiff, as well as copies made for each of the two defendants (three sets of 198 copies).

The cost of photocopying documents necessarily obtained for use in the case are taxable under 28 U.S.C. § 1920(4), supra. It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. Expenses for the copying of documents for the convenience of a party or obtained for counsel's own use are not allowable absent court authorization. "Copies are recoverable when they are reasonably necessary to the maintenance of the action." Ramos v. Davis & Geck, 968 F. Supp. 765, 782 (D.P.R. 1997), citing Rodríguez García v. Dávila, 904 F.2d 90, 100 (1st Cir. 1990). However, "[p]hotocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." Davis, 87 F. Supp. 2d at 88, citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995).

The Clerk finds that the expense for the two sets of copies made (one for each of the two co-defendants in the case) is not recoverable as costs. The record reflects that, on May 18, 1999, the Court entered judgment granting voluntary dismissal of the complaint as to co-defendant Jaime Rivera. (Docket No. 13). Prior to that date, the original two defendants (State Chemical and Jaime Rivera) had filed a joint request for summary judgment; each of their attorneys, we assume, maintained copies of same, as well as of any motions they each filed independently on behalf of their respective clients, for their records. After the Court granted voluntary dismissal as to co-defendant Jaime Rivera, copies of the pleadings were no longer served upon him, as attested by State Chemical in its certificates of service.

Civil No. 98-2343(DRD)                                                                                          Page -6-

Therefore, State Chemical's request for recovery of $59.40 expended in copies (594 copies at 10 cents per page) of documents filed and served upon plaintiff, as well as copies made for each of the two defendants (three sets of 198 copies), is disallowed. Instead, the Clerk will allow one-third of the claimed amount, $19.80, as reasonable cost for exemplification and copies of papers necessarily obtained for use in the case.

WHEREFORE, all premises considered, a total amount of $319.80 is taxed as costs to the defendants in the above-captioned action. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this 30th day of September, 2002.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk